**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-50186
_____

BENJAMIN DAVIDSON, JR.,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-94-CV-634)
_____

April 13, 1999

Before GARWOOD, DAVIS and DeMOSS, Circuit Judges.[*]

DAVIS, Circuit Judge:

In November 1988, Benjamin Davidson ("Davidson") was convicted by a jury of the second degree felony of robbery and was sentenced to seventy-five years of confinement (enhanced by prior convictions). Davidson seeks federal habeas relief under 28 U.S.C. § 2254 contending that he was denied effective assistance of counsel. The district court denied relief. We affirm.

I.

At trial, the clerk of a Circle K convenience store identified Davidson as one of two men who had stolen 37 cartons of cigarettes at his store on August 11, 1988. According to the clerk, Davidson and a male companion entered the store together carrying a large bag. Davidson's companion tried to open the cigarette case, but could not open it. Davidson opened the case and both men began loading cartons of cigarettes into the garbage bag. The clerk dialed 911, jumped over the counter

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and tried to grab the bag. Davidson's wallet fell on the floor and the clerk tried to pick up the wallet to find some identification of Davidson. Davidson hit the clerk with his arm. Davidson's companion ran out of the store. Davidson left the store and the clerk followed him. Another physical confrontation took place outside the store when Davidson pushed the clerk into a wall. Davidson then ran to his car and drove away. The clerk saw two men in the car as it drove away. The clerk then took down the license plate number of the car and called the police. Davidson was arrested shortly thereafter.

Attorney Tom Pritchard ("Pritchard") was appointed to defend Davidson. Pritchard met with Davidson only once before the arraignment and trial. On November 28, 1988 prison officials informed Davidson that he was going to court for his robbery charge. Davidson requested his "free world" clothes before going to court and became irate with Pritchard and jail officials when he was told that he did not need them. When the trial judge was informed of the dispute, he appointed Patrick Ganne ("Ganne") to replace Pritchard as Davidson's counsel. The trial court was aware that Ganne knew Davidson and that Ganne had successfully represented Davidson in the past. Davidson was happy to have Ganne as his attorney.

Ganne visited Davidson in jail on November 28th and assured Davidson that he did not need street clothes for an arraignment. Davidson explained to Ganne his version of his visit to the Circle K store at the time he was charged with the robbery. That same day, Davidson pled not guilty to the robbery charge. The trial was scheduled to begin that afternoon. Ganne filed discovery motions that afternoon and the prosecutor allowed Ganne to review his entire investigative file. The prosecutor gave no notice that he would introduce extraneous offenses as part of the State's case.

Jury selection began on the afternoon of November 28th. Ganne and Davidson had decided that Davidson would testify that he was indeed in the Circle K store as a customer, but that the store clerk erroneously associated him with another person who attempted to steal cigarettes. During voir dire, Ganne told potential jurors that they would hear Davidson testify. To soften the effect of the State's anticipated cross examination, Ganne also told jurors that Davidson was a convicted felon.

At trial, Ganne cross-examined the store clerk and was able to show several inconsistencies

2

between the clerk's trial testimony and his prior sworn statements. Ganne raised issues regarding which man was putting the cigarette cartons in the bag, where the clerk saw the wallet, and whether or not the two men drove off together. In addition, Ganne showed that the clerk's testimony was not supported by physical evidence. The clerk Stated that Davidson had lifted the plexiglass cover of the cigarette case where a number of clear fingerprints were found. However, a police fingerprint expert testified that Davidson's prints were not found on the cigarette case.

After Ganne's cross examination of the store clerk, the prosecution sought to introduce extraneous offense evidence that Davidson had stolen cigarettes from the same clerk and at the same store about two weeks before the August 11th incident. The prosecution apparently discovered these facts on the day of trial when they spoke to the clerk in preparation for his testimony. The prosecutor explained that the witness had moved to Colorado shortly after Davidson was arrested and returned to Texas the day of trial. The trial court did not permit the State to offer this evidence, but indicated that if the defense introduced evidence that Davidson entered the store as a customer and without the intent to steal, it would permit the State to offer this evidence. In light of this development, Ganne decided that Davidson should not testify and immediately after the State rested its case, the defense also rested. The State then moved to reopen its case to present evidence of the prior Circle K shoplifting incident along with a conviction for shoplifting in another county. Davidson had pled guilty to this offense about two weeks before the August 11th incident. The trial court denied the State's motion to reopen its case. The court then charged the jury and both sides presented their closing arguments.

The jury found Davidson guilty of robbery and recommended a seventy-five year sentence. The conviction was affirmed on direct appeal and the State court denied habeas relief.

II.

A.

A claim for ineffective assistance of counsel is reviewed using the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is presumed to have rendered a reasonable performance. *Strickland*, 466 U.S. at 690, *see also Teague*

3

*v. Scott*, 60 F.3d 1167, 1170 (5th Cir.1995). To obtain relief, the petitioner must establish that his counsel's services were deficient and that as a result he suffered prejudice. To show that counsel's performance was deficient requires showing that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 686. In setting forth this prong, the *Strickland* Court stated "[J]udicial scrutiny of counsel's performance must be highly deferential . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. 668, 689; *Westley v. Johnson,* 83 F.3d 714, 719 (5th Cir.1996). To demonstrate prejudice, petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *See Westley v. Johnson*, 83 F.3d at 719, *quoting Strickland*, 466 U.S. 668, 689. Unless the defendant makes both showings, it cannot be said that "the conviction . . .resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. 668, 689. It is not necessary to address both prongs of the test if the petitioner makes an insufficient showing on one. *Id.*

Because both prongs of the *Strickland* test present mixed questions of fact and law, these questions are reviewed *de novo*. *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir.1998). The underlying factual conclusions are reviewed for clear error. *Id*.

B.

Davidson alleges several general instances of ineffective assistance of counsel. The only allegation which merits discussion is Davidson's particularized complaint that Ganne rendered ineffective assistance of counsel when he disclosed Davidson's prior convictions during voir dire and then did not call Davidson to testify in his own defense.

Ganne had successfully represented Davidson in two previous trials before the same trial court. Ganne testified at the evidentiary hearing that he used the same trial strategy in the robbery trial that he had used in the earlier trials; he advised potential jurors of the Davidson's previous criminal convictions to reduce the sting of cross examination. He then called Davidson to testify and

4

explain his version of the incident out of which the charges arose. In this case, however, after the State rested, Ganne decided that Davidson should not testify because of the unexpected evidence that came to light during the trial. Ganne testified at the evidentiary hearing that if he had put Davidson on the stand, the prosecution would have been permitted to present the store clerk's testimony about Davidson's earlier theft of cigarettes. Ganne also concluded that his cross examination of the store clerk had gone well and that the police officers' testimony undermined the store clerk's testimony to some extent.[2]

Davidson argues that if Ganne had investigated his case properly, Ganne would not have been surprised by the two extraneous offenses. We disagree. The district attorney's file did not disclose the extraneous offenses. The store clerk lived in Colorado and did not return to Texas until the day of trial so that Ganne was unable to interview the clerk before trial. Davidson did not disclose this conviction to Ganne and must shoulder some responsibility for this surprise development. Had Davidson been more candid with Ganne on the morning Davidson was arraigned, Ganne may have chosen a different trial strategy.

The district court found that Ganne's decision to reveal Davidson's prior convictions during voir dire and his subsequent decision to not have Davidson testify were not unreasonable strategic decisions. The district court found that Ganne had properly weighed the benefits and risks of having Davidson testify and that Ganne had made a reasonable decision.

We agree with the district court's conclusions. According Ganne the deference directed by *Strickland*, we find that Ganne's strategic trial decisions were reasonable. "We decline to evaluate the propriety of trial counsel's actions with the aid of the refractive correction of hindsight." *Hollenbeck v. Estelle,* 672 F.2d 451 (5th Cir.1982) *quoting, Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir.1980), *cert. denied*, 451 U.S. 916, 101 S.Ct. 1992, 68 L.Ed.2d 307 (1981). The judgment of the district court is therefore affirmed.

AFFIRMED.

---

[2] Officer Mungia, who wrote the police report for the incident, testified that the store clerk's statements in court were not consistent with his report. Officer Acosta, a fingerprint expert, testified that Davidson's fingerprints were not found on the cigarette case.